Pavel Ekmekchyan (SBN 223222)
Christopher Rivas (SBN 238765)
Monica J. Zi (SBN 245434)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans, (aka) Countrywide Bank"); Bank of America, N.A. (erroneously sued as "Countrywide Bank, N.A."); BAC Home Loans Servicing, L.P. (erroneously sued as "Bank of America Home Loans"); Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A. (erroneously sued as "Recon Trust Company"); and LandSafe Title of California, Inc. (erroneously sued as "Landsafe Title & Ticor Title Company of California")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE DAN SHABTAI, PRO SE<br><br>Debtor-Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS (AKA) COUNTRYWIDE BANK, BANK OF AMERICA HOME LOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (AKA) MERS, RECON TRUST COMPANY, LANDSAFE TITLE & TICOR TITLE COMPANY OF CALIFORNIA,<br><br>Creditors-Defendants. | Case No. 8:10-BK-19720-ES<br>Adversary No. 8:10-AP-01567-ES<br>Chapter 13<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 5, 2011<br>Time: 2:00 p.m.<br>Courtroom: 5A<br><br>Complaint Filed: November 18, 2010<br><br>Honorable Erithe A. Smith<br><br>[Filed Concurrently with Notice of Motion; Declaration of Pavel Ekmekchyan in Support of Motion to Dismiss] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................2

II. FACTUAL BACKGROUND ....................4

III. LEGAL STANDARD ....................5

A. Legal Standard for Rule 12(b)(5) Motions ....................5

B. Legal Standard for Rule 12(b)(6) Motions ....................6

IV. LEGAL ARGUMENT ....................7

A. As A Threshold Matter, Plaintiff's Complaint Should Be Dismissed For Insufficiency Of Service Of Process ....................7

B. Plaintiff's Central Theories – That His Loan Was Unlawful Or That The Failure To "Verify" His Debt Rendered It Invalid – Are Patently Frivolous ....................8

C. Plaintiff's Fraud Claims Fail As A Matter Of Law ....................9

1. Plaintiff's Fraud Claims Are Time-Barred ....................9

2. Plaintiff's Fraud Claims Are Not Pled With The Requisite Particularity ....................10

3. Plaintiff Fails To Allege Any Fraudulent Conduct By Defendants ....................11

4. Plaintiff Fails To Allege Any Duty To Disclose ....................12

D. Plaintiff's Claim For Fraudulent Conversion Fails As A Matter Of Law ....................13

1. Plaintiff's Conversion Claim Is Time-Barred ....................13

2. Plaintiff Fails To Plead The Elements Of Conversion ....................13

E. Plaintiff's FDCPA And RFDCPA Claims Fail As A Matter Of Law Because Defendants Are Not "Debt Collectors" Under Those Statutes, Nor Has Plaintiff Alleged Any "Debt Collection Activity" ....................14

F. Plaintiff's TILA And RESPA Claims Fail As A Matter Of Law ....................16

1. Plaintiff's TILA Claim Is Time-Barred ....................16

2. Plaintiff Does Not Allege Tender Of The Borrowed Funds, A Necessary Element Of Any Rescission Claim ....................17

3. Notwithstanding These Threshold Issues, Plaintiff Fails To Allege A Breach Of TILA By Defendants ....... 17

4. Plaintiff's RESPA Claim Fails Because There Is No Private Right Of Action And Plaintiff Alleges No Actual Damages ....... 18

5. Plaintiff's RESPA Claim Also Fails Because Plaintiff Has Not Alleged Any Violation Of RESPA In Connection With His Purported Qualified Written Request ....... 19

V. CONCLUSION ....... 20

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993) ....... 6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ....... 7

*Bastajian v. Brown*, 57 Cal. App. 2d 910 (1943) ....... 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....... 7

*Benham v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 91287 (N.D. Cal. 2009) ....... 19

*Bloom v. Martin*, 865 F. Supp. 1377 (N.D. Cal. 1994) ....... 18

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ....... 6

*Caballero v. Ocwen Loan Serv.*, 2009 WL. 1528128 (N.D. Cal. 2009) ....... 15

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ....... 7, 15

*Coxton v. WM Specialty Mortgage, LLC*, 2008 WL. 4722754 (E.D. Mich. 2008) ....... 8

*Demmler v. Bank One, N.A.*, 2006 WL. 640499 (S.D. Ohio 2006) ....... 8

*Direct Mail Specialists v. Eclat Computerized Techs, Inc.*, 840 F.2d 685 (9th Cir. 1988) ....... 5

*Edelman v. Bank of America Corp.*, 2009 WL. 1285858 (C.D. Cal. 2009) ....... 17

*English v. Krubsack*, 371 F. Supp. 2d 1198 (E.D. Cal. 2005) ....... 6

*Glover v. Fremont Inv. and Loan*, 2009 WL. 6114001 (N.D. Cal. 2009) ....... 15

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) ....... 6

*Ines v. Countrywide Home Loans, Inc.*,
2008 WL. 2795875 (S.D. Cal. 2008) ........ 14, 15

*Izenberg v. ETS Servs.*,
589 F. Supp. 2d 1193 (C.D. Cal. 2008) ........ 14

*Jones v. ABN Amro Mortgage Group, Inc.*,
551 F. Supp. 2d 400 (E.D. Penn. 2008) ........ 19

*Kamp v. Aurora Loan Servs.*,
2009 WL. 3177636 (C.D. Cal. 2009) ........ 17

*Kim v. Sumitomo Bank*,
17 Cal. App. 4th 974 (1993) ........ 12

*King v. Cal.*,
784 F.2d 910 (9th Cir. 1986) ........ 6

*Lazar v. Super. Ct.*,
12 Cal. 4th 631 (1996) ........ 10

*Lewis v. Super. Ct.*,
30 Cal. App. 4th 1850 (1994) ........ 5

*Lingsch v. Savage*,
213 Cal. App. 2d 729 (1963) ........ 12

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
2007 WL. 3047093 (S.D. Cal. 2007) ........ 10, 11

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ........ 6

*Miller v. Provost*,
26 Cal. App. 4th 1703 (1994) ........ 5

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
554 F. Supp. 2d 1034 (C.D. Cal. 2008) ........ 16

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ........ 10

*MorEquity, Inc. v. Naeem*,
118 F. Supp. 2d 885 (N.D. Ill. 2000) ........ 20

*Natomas Gardens Investment Group, LLC v. Sinadinoa*,
710 F. Supp. 2d 1008 (E.D. Cal. 2010) ........ 13, 14

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ........ 6

*Neitzke v. Williams*,
490 U.S. 319 (1989) ........ 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .......... 10

*Nymark v. Heart Fed. Sav. & Ass'n.*,
231 Cal. App. 3d 1089 (1991) .......... 5, 12

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
150 Cal. App. 4th 384 (2007) .......... 13, 14

*People v. Highland Fed. Sav. & Loan*,
14 Cal. App. 4th 1692 (1993) .......... 12

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) .......... 6

*Rosal v. First Fed. Bank of Cal.*,
2009 U.S. Dist. LEXIS 60400 (N.D. Cal. 2009) .......... 15

*Sequeira v. Wells Fargo Home Mortgage*,
2009 WL. 890463 (N.D. Cal. 2009) .......... 8

*Sing v. Washington Mutual Bank*,
2009 U.S. Dist. LEXIS 73315 (N.D. Cal. 2009) .......... 19

*Sitanggang v. IndyMac Bank, FSB*,
2009 WL. 1286484 (E.D. Cal. 2009) .......... 17

*Stevens v. Security Pac. Nat'l Bank*,
538 F.2d 1387 (9th Cir. 1976) .......... 6

*Swanson v. EMC Mortgage Corp.*,
2009 WL. 3627925 (E.D. Cal. 2009) .......... 16, 18, 19

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......... 7, 10, 11

*The Frances Kenny Family Trust v. World Savings Bank*,
2005 WL. 106792 (N.D. Cal. 2005) .......... 8

*Theil v. First Federal Savings and Loan Ass'n. of Marion*,
646 F. Supp. 592 (N.D. Ind. 1986) .......... 8

*Toscano v. Ameriquest Mortgage Co.*,
2007 U.S. Dist. LEXIS 81844 (E.D. Cal. 2007) .......... 18

*Travelers Casualty and Surety Co. of Am. v. Telestar Constr. Co., Inc.*,
252 F. Supp. 2d 917 (D. Ariz. 2003) .......... 6

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .......... 10, 11

*Yamamoto v. Bank of New York*,
329 F.3d 1167 (9th Cir. 2003) .......... 17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## STATUTES

12 U.S.C. § 2603 .....18
12 U.S.C. § 2605(e)(1)(A) .....19
12 U.S.C. § 2605(e)(1)(B)(ii) .....20
12 U.S.C. § 2605(e)(2) .....20
12 U.S.C. § 2605(i)(3) .....20
15 U.S.C. § 1601 .....17
15 U.S.C. § 1635(a) .....16, 17
15 U.S.C. § 1635(f) .....17
15 U.S.C. § 1638(a) .....18
15 U.S.C. § 1638(b) .....18
15 U.S.C. § 1638(c) .....18
15 U.S.C. § 1640(e) .....16
15 U.S.C. § 1692a(6) .....14
15 U.S.C. § 1692k(a) .....9
Cal. Civ. Code § 1709 .....12
Cal. Civ. Code § 1710 .....12
Cal. Civ. Code § 1788.2 .....15
Cal. Civ. Code § 1788.30 .....9
Cal. Civ. Code § 3439 .....13
Cal. Civ. Code § 3439.04 .....13
Cal. Civ. Code Proc. § 338(c) .....13
Cal. Civ. Code Proc. § 338(d) .....9

## RULES

Fed. R. Bankr. P. 7004(e) .....7
Fed. R. Bankr. P. 7009 .....10
Fed. R. Civ. P. 4 .....5
Fed. R. Civ. P. 12(b)(5) .....5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans, (aka) Countrywide Bank"), Bank of America, N.A. (erroneously sued as "Countrywide Bank, N.A."), BAC Home Loans Servicing, L.P. (erroneously sued as "Bank of America Home Loans"), Mortgage Electronic Registration Systems, Inc., ReconTrust Company, N.A. (erroneously sued as "Recon Trust Company"), and LandSafe Title of California, Inc. (erroneously sued as "Landsafe Title & Tricor Title Company of California") (collectively, "Defendants") will and hereby do move for an order dismissing the Complaint of Plaintiff Dan Shabtai ("Plaintiff") in the adversary proceeding against Defendants, or alternatively to quash Plaintiff's service of process on Defendants, or for such other and further relief as the Court deems just and proper.

This Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) on the grounds that Plaintiff failed to effect proper service on Defendants, and fails to state any legally cognizable claim upon which relief may be granted against Defendants as follows:

Plaintiff's entire Complaint should be dismissed, or in the alternative, Plaintiff's service of process on Defendants should be quashed, because Plaintiff failed to properly serve Defendants with the Summons and Complaint within the time limit proscribed by Federal Rule of Bankruptcy Procedure 7004(e).

Plaintiff's first claim for fraud and fraudulent concealment fail as a matter of law because they are time-barred, and Plaintiff fails to meet the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b). Plaintiff's claim for fraudulent concealment further fails as a matter of law because Plaintiff fails to allege any duty to disclose.

Plaintiff's second claim for fraudulent conversion fails as a matter of law because is it time-barred, and Plaintiff fails to plead any facts in support of this claims. Plaintiff's third claim for violation of the Fair Debt Collection Practice Act fails as a matter of law because Defendants are not "debtor collectors" and Plaintiff fails to allege any "debt collection activity."

Plaintiff's fourth claim for violations of the Truth In Lending Act ("TILA") fails as a matter of law because it is time-barred and Plaintiff fails to allege a violation by Defendants. And in any event, Plaintiff has not alleged an ability to tender the borrowed funds for purposes of rescission under TILA.

Plaintiff's fourth claim for violations of Real Estate Settlement Procedures Act ("RESPA") fails as a matter of law because there is no private right of action and Plaintiff fails to allege any actual damages. Furthermore, Plaintiff has not alleged any violation of RESPA in connection with his purported Qualified Written Request.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Pavel Ekmekchyan, the court records and files, and upon such other matters that the Court may consider at the hearing on the Motion.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION

In December 2006, Plaintiff Dan Shabtai ("Plaintiff") obtained a loan to purchase property. Nearly ***four years after*** obtaining his loan, Plaintiff files this meritless Complaint against Defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans, (aka) Countrywide Bank"), Bank of America, N.A. (erroneously sued as "Countrywide Bank, N.A."), BAC Home Loans Servicing, L.P. (erroneously sued as "Bank of America Home Loans"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust") (erroneously sued as "Recon Trust Company"), and LandSafe Title of California, Inc. ("LandSafe") (erroneously sued as "Landsafe Title & Ticor Title Company of California") (collectively, "Defendants"). The Complaint, at best incomprehensible, is based on vague and conclusory allegations in which Plaintiff attempts to assert claims for fraud, fraudulent concealment, fraudulent conversion, violations of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), violations of the Truth in Lending Act ("TILA"), and violations of the Real Estate Settlement Procedures Act ("RESPA").

As a threshold matter, Plaintiff's Complaint should be dismissed because Defendants have not been properly served with the Summons and Complaint. Notwithstanding the insufficiency of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

process, Plaintiff's Complaint is fatally defective on its face. Plaintiff premises his entire action on two patently frivolous theories. Plaintiff's first theory – that his loan was unlawful because Defendants did not loan "actual cash" to Plaintiff – has been consistently rejected by courts throughout the country. Plaintiff's second theory – that any mortgage debt can be eliminated through Defendants' failure to verify his debt – defies common sense and seeks to turn collection statutes on their head; these statutes do not provide that a collection violation eliminates the underlying debt. This Court should reject Plaintiff's underlying theories and all claims that purportedly flow from them.

Nevertheless, each of Plaintiff's claims fails as a matter of law for the following additional reasons. Plaintiff's claims for fraud and fraudulent concealment are time-barred. Moreover, Plaintiff fails to meet the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b). Plaintiff's claim for fraudulent concealment fails for the additional reason that Plaintiff fails to allege a duty to disclose.

Plaintiff's claim for fraudulent conversion similarly fails because it is time-barred. Further, Plaintiff fails to plead any facts in support of this claim, including the identity of the property allegedly converted, Plaintiff's alleged right to possession of that property, or how Defendants allegedly interfered with Plaintiff's possession of that property.

Plaintiff's claims for violations of FDCPA and RFDCPA also fail because Defendants are not "debtor collectors" under either statute, and Plaintiff fails to allege any "debt collection activity."

Finally, Plaintiff's claims for violations of TILA and RESPA fail as a matter of law. Any claims under TILA – whether for damages or for rescission – are time-barred, and Plaintiff does not allege any violation of TILA by Defendants. Likewise, Plaintiff's claim for violation of disclosure requirements under RESPA fails because there is no private right of action and Plaintiff does not allege any actual damages. Plaintiff's RESPA claim also fails because he did not sent a proper Qualified Written Request to Defendants.

Because the Complaint fails to state any legally cognizable claim upon which relief may be granted, Defendants' Motion to Dismiss should be granted in its entirety.

## II. FACTUAL BACKGROUND

The Complaint alleges that on or about December 7, 2006, Plaintiff obtained a loan from Countrywide Bank. Compl., ¶ 15. In connection with this loan, Plaintiff alleges that he signed a promissory note and a Deed of Trust, and granted Defendants a security interest in property located at 108 Coral Rose, Irvine, California. *Id.* at ¶¶ 17-18, Exs. C-E. Plaintiff further alleges that Countrywide Bank "did not loan actual 'cash' to Plaintiff." *Id.* at ¶ 19.

On or about October 6, 2009, Plaintiff alleges that he sent to Defendants a letter entitled "Qualified Written Request, Complaint, Dispute of Debt, Validation and Verification of Debt Letter, FOIA Request, Signature Revocation, and Affidavit." *Id.* at ¶ 22, Ex. A. The letter demanded "absolute first hand evidence from [Defendants] of the original blue ink signature of the note, to verify holder in due course of [Plaintiff's] alleged debt." *Id.*, Ex. A. The letter further stated: "In the case, that you do not supply me with the very security, it will be a positive confirmation on your part that you never really created and owned my note." *Id.* That same day, Plaintiff alleges that he sent to BACHL a "Notice and Demand for Full Disclosure" and to ReconTrust a "Notice of Fraud – Notice of Dispute" and "Demand to Cease and Desist Foreclosure Activities." *Id.*, ¶ 22, Exs. B-D. On October 7, 2009, Plaintiff sent to Defendants a "Notice of Right to Cancel" based on alleged TILA violations. *Id.*, ¶ 22, Ex. E. Plaintiff alleges that Defendants did not respond to "any of the required requests." *Id.*, ¶ 22.

Incredibly and without any justification, on September 15, 2010, Plaintiff *fraudulently* executed and recorded an Assignment of Deed of Trust by *misrepresenting* himself as an "Authorized Representative" of MERS, purporting to assign all beneficial interest under the Deed of Trust to Denise M. Honc. *Id.* at ¶ 23, Ex. G. Plaintiff also records a Substitution of Trustee, where Denise M. Honc, as the new "beneficiary," purports to substitute Boyan Panajotov as the new trustee under the Deed of Trust. *Id.*

The remainder of Plaintiff's Complaint contains vague and conclusory allegations against Defendants. In connection with his loan origination, Plaintiff vaguely alleges that Countrywide Bank misrepresented that "Defendants would be giving Plaintiff a 'loan' of cash money" and fraudulently concealed "the material facts that the funding of the Promissory Note was being created

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

by and through Plaintiff's signature on the Note." *Id.* at ¶¶ 16, 20. Plaintiff further alleges in a conclusory fashion that Defendants made "false, deceptive, or misleading representation" and used "unfair or unconscionable" means to collect debt. *Id.* at ¶ 37.

Based on the above allegations, on November 18, 2010, Plaintiff filed this Complaint in this adversary proceeding, asserting claims for fraud, fraudulent concealment, fraudulent conversion, violation of the Fair Debt Collection Practice Act, and violations of the Truth In Lending Act and Real Estate Settlement Procedures Act.[1] The summons in this adversary proceeding was issued on November 23, 2010 ("Summons"). Declaration of Pavel Ekmekchyan in Support of Motion to Dismiss ("Ekmekchyan Decl."), ¶ 2, Ex. A. However, the proof of service attached to the Summons received by Defendants indicates that the Summons and Complaint were not mailed to Defendants until December 10, 2010, ***17 days after*** the issuance of the Summons. *Id.*

## III. LEGAL STANDARD

### A. Legal Standard for Rule 12(b)(5) Motions

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), which applies to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012, authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Civil Procedure 4 applies to adversary proceedings through

---

1 Although Plaintiff includes in his caption page claims for negligence and quiet title, they are not separately set forth in the Complaint, and he fails to allege any facts in support of those claims or their elements. To the extent Plaintiff alleges a claim for negligence, it fails as a matter of law because Defendants do not owe Plaintiff a duty of care because a lender "owes no duty of care to a borrower when the financial institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted). Plaintiff's Complaint alleges, at most, an unremarkable lender-borrower relationship. To the extent Plaintiff alleges a quiet title claim, it also fails because Plaintiff's Complaint is not verified and he fails to allege that he has paid, or offered to pay, the outstanding debt on his loan. *Lewis v. Super. Ct.*, 30 Cal. App. 4th 1850, 1866 (1994) (dismissing quiet title complaint because "the complaint was not verified as required by the quiet title statute"); *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) (recognizing the equitable principle that "a mortgagor could not bring an action for quiet title against the mortgagee holding a lien on the real property without first paying the debt for which the mortgage was created).



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Federal Rule of Bankruptcy Procedure 7004.[2] Once service is challenged, the "plaintiff[]" bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

The failure to properly serve defendants grants the court broad discretion to dismiss an action pursuant to Rule 12(b)(5) or quash service of process in the alternative. *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *English v. Krubsack*, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005). In deciding a Rule 12(b)(5) motion, the Court may consider materials outside the pleadings. *Travelers Casualty and Surety Co. of Am. v. Telestar Constr. Co., Inc.*, 252 F. Supp. 2d 917, 922-23 (D. Ariz. 2003).

**B. Legal Standard for Rule 12(b)(6) Motions**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which applies to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012, tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Time barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. Cal.*, 784 F.2d 910, 913-915 (9th Cir. 1986). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels

---

2 Specifically, Rule 7004(a) of the Federal Rules of Bankruptcy Procedure provides that Rules 4(a), (b), (c)(1), (e)-(j), (l), and (m) of the Federal Rules of Civil Procedure apply in adversary proceedings.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

## IV. LEGAL ARGUMENT

### A. As A Threshold Matter, Plaintiff's Complaint Should Be Dismissed For Insufficiency Of Service Of Process

Rule 7004(e) of the Federal Rules of Bankruptcy Procedure proscribes the time limit for service of the summons in an adversary proceeding:

> If service is made pursuant to Rule 4(e)-(j) F. R. Civ. P. it shall be made by delivery of the summons and complaint within 14 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited within 14 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

Fed. R. Bankr. P. 7004(e).

Here, Plaintiff did not properly serve the Summons on Defendants because service was untimely. The Summons was issued on November 23, 2010. Ekmekchyan Decl., ¶ 2, Ex. A. Pursuant to Rule 7004(e), Plaintiff was required to serve the Summons by December 7, 2010, or have issued another summons to be served on Defendants. As the proof of service attached to the Summons conclusively establishes, Plaintiff, through Denise Honc, did not deliver or mail a copy of the Summons and Complaint to Defendants until December 10, 2010 – three days past the deadline to serve the Summons. Ekmekchyan Decl., ¶ 2, Ex. A. Because Plaintiff has not properly effectuated service of process on Defendants under the Federal Rules of Bankruptcy Procedure, Plaintiff's service of the Summons and Complaint should be quashed, and the Complaint against Defendants dismissed.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**B. Plaintiff's Central Theories – That His Loan Was Unlawful Or That The Failure To "Verify" His Debt Rendered It Invalid – Are Patently Frivolous**

Plaintiff's entire Complaint is premised upon two incomprehensible theories – that his loan was unlawful or that Defendants' failure to "verify" his debt rendered it invalid. These theories are patently frivolous and defy common sense. As a result, each of Plaintiff's claims fails as a matter of law.

Plaintiff's first theory is that his loan was unlawful because Defendants "did not loan actual 'cash' to Plaintiff" but rather "created" the money through their bookkeeping procedures. *See* Compl., ¶¶ 19-21. Specifically, Plaintiff claims that "Defendant created a bookkeeping debits [sic], a liability in its books, thereby exchanging the assets obtained from Plaintiff for liability in the form of a check." *Id.* at ¶ 19. Courts have consistently rejected similar arguments that banks unlawfully "created" money through ledger entries. *See, e.g.*, *Sequeira v. Wells Fargo Home Mortgage*, 2009 WL 890463, *1 (N.D. Cal. 2009) ("[I]t appears that Plaintiffs are complaining that the apparent loan was for credit, not money. Courts consistently have rejected such a theory of liability."); *Coxton v. WM Specialty Mortgage, LLC*, 2008 WL 4722754, *2 (E.D. Mich. 2008) (dismissing fraud claim against mortgage lender based on theory that banks do not lend money); *The Frances Kenny Family Trust v. World Savings Bank*, 2005 WL 106792, at *5 (N.D. Cal. 2005) (sanctioning plaintiffs and rejecting their "vapor money" theory as having "no basis in law"); *Demmler v. Bank One, N.A.*, 2006 WL 640499, * 4 (S.D. Ohio 2006) (rejecting theory that bank "created" money through its bookkeeping procedure and recognizing that similar arguments have been universally rejected by courts around the country); *Theil v. First Federal Savings and Loan Ass'n. of Marion*, 646 F. Supp. 592, 595-96 (N.D. Ind. 1986) (rejecting theory that bank or mortgage company checks are worthless). Plaintiff certainly does not deny that the loan allowed him to purchase the property. Plaintiff's allegations, therefore, should be rejected as having no basis in fact or law.

Plaintiff's second theory is that if a mortgage debt arose, he can eliminate that debt through the use of the "Validation and Verification of Debt Letter." Here, Plaintiff alleges that he sent a "Validation and Verification of Debt Letter" demanding Defendants to provide "absolute first hand evidence from [Defendants] of the original blue ink signature of the note, to verify holder in due

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

course of [Plaintiff's] alleged debt." Compl., Ex. A. The letter stated that if Defendants failed to provide Plaintiff with the original note then "it will be a positive confirmation on your part that you never really created and owned my note." *Id.* Apparently believing that he no longer owed a mortgage debt, Plaintiff *fraudulently* executed an Assignment of Deed of Trust as an "Authorized Representative" of MERS, purporting to "re-assign the beneficial interest on the real property in question to Denise M. Honc." *Id.* at ¶ 23, Ex. G. This argument is not only fundamentally flawed, but would condone Plaintiff's use of fraudulent means to seek relief where none is available. Thus, the Court should reject this theory out of hand, including because it seeks to turn debt collection statutes on their head. Those statutes do not provide that a collection violation eliminates the underlying debt. *See* Cal. Civ. Code § 1788.30; 15 U.S.C. § 1692k(a).

Plaintiff's central theories are frivolous and fundamentally flawed. These flaws undermine Plaintiff's entire Complaint. Accordingly, Defendants' Motion to Dismiss should be granted on this basis alone.

### C. Plaintiff's Fraud Claims Fail As A Matter Of Law[3]

Plaintiff's claims for fraud and fraudulent concealment are predicated on the allegation that Countrywide Bank misrepresented that "Defendants would be giving Plaintiff a 'loan' of cash money" and fraudulently concealed "the material facts that the funding of the Promissory Note was being created by and through Plaintiff's signature on the Note." *Id.* at ¶¶ 16, 20. As discussed below, Plaintiff's fraud claims fail because they are more than three years old and are not pled with the requisite particularity. Plaintiff's fraudulent concealment claim fails for the additional reason that Plaintiff fails to allege any duty to disclose.

#### 1. Plaintiff's Fraud Claims Are Time-Barred

Fraud claims are subject to a three-year statute of limitations. Code Civ. Proc. § 338(d). Here, Plaintiff's fraud claims rely on allegations of conduct occurring during loan origination. For example, the Complaint alleges that Defendants made statements during closing to induce Plaintiff

---

[3] The caption page of Plaintiff's Complaint indicates a claim for misrepresentation. This purported claim, however, is not separately set forth in the Complaint. In any event, to the extent Plaintiff asserts misrepresentation as a separate claim, it is time-barred and fails because it is not pled with the requisite particularity, as discussed in Section IV.B. of this Motion to Dismiss.

to enter the loan. *See* Compl., ¶ 27 ("Defendants made the representations and suppressed and concealed the facts as alleged above, all done for the purpose of inducing Plaintiff to sign the promissory note and deed of trust, make the payments and do the other things as alleged herein."). Plaintiff concedes that he executed the promissory note and deed of trust on or about December 7, 2006. *Id.* at ¶ 15. But Plaintiff did not file this action until November 18, 2010, almost ***four years after*** he obtained the loan. For this reason alone, Plaintiff's fraud claims fail as a matter of law.

**2. Plaintiff's Fraud Claims Are Not Pled With The Requisite Particularity**

Even if Plaintiff somehow overcomes the statute of limitations, the fraud claims still fail because they are not pled with the requisite particularity. To plead a cause of action for fraud, a plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Fraud claims in an adversary proceeding must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Fed. R. Bankr. P. 7009. Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In other words, a plaintiff must state "the who, what, where, when and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-1107 (9th Cir. 2003).

Where fraud is alleged against multiple defendants, Rule 9(b) requires the plaintiff to "differentiate their allegations" and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). At a minimum, a plaintiff must "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Id.* at 765 (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Moreover, alleging fraud against a corporate defendant requires further specificity. Because corporations speak through agents, the identity of the corporate agent or employee that perpetrated the fraud and that person's authority to bind the company must be alleged to satisfy Rule 9(b)'s pleading requirement. *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2007 WL 3047093, at

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*4 (S.D. Cal. 2007) (dismissing plaintiff's fraud claim where plaintiff did not allege that individual making the allegedly fraudulent statements was acting as agent for defendants).

Plaintiff's fraud claims fall woefully short of meeting this stringent standard. Plaintiff's fraud claims consist entirely of vague and conclusory allegations. For example, Plaintiff alleges that "Defendants made the representations and suppressed and concealed the facts as alleged above, all done for the purpose of inducing Plaintiff to sign the promissory note and deed of trust, make the payments and do the other things alleged herein." Compl., ¶ 27. But the purported facts "as alleged above" are equally vague and conclusory. *See, e.g.*, *Id.* ¶ 16 ("Plaintiff was induced to believe by advertisements and certain statements and representations made by officers, employees or agents of Countrywide Bank, N.A. that Defendants would be giving Plaintiff a 'loan' of cash money . . ."). The Complaint utterly fails to allege "the who, what, where, when and how" required of any fraud claim. *See Vess*, 317 F.3d at 1106-1107. Indeed, none of Plaintiff's fraud claims allege specifically *what* misstatements were made, *how* those constituted misstatements, *who* made any of the purported misstatements, under *what authority*, *when*, or *where*. Nor does Plaintiff identify any specific communication containing a misstatement.

Finally, Plaintiff asserts his vague and conclusory allegations against "Defendants" generally, and makes no individualized assertions. *See, e.g.*, Compl., ¶¶ 27-31. Where allegations of fraud are directed against multiple defendants, specific facts must be alleged against each. *Swartz*, 476 F.3d at 764-65. To the extent Plaintiff makes any individualized assertions, he does so against only Countrywide Bank. *See* Compl., ¶¶ 16, 20. Even then, Plaintiff wholly fails to identify the agent or representative of Countrywide Bank who purportedly committed the fraudulent act. Thus, Plaintiff's fraud claims fail to meet the requisite pleading standards under Rule 9(b).

**3. <u>Plaintiff Fails To Allege Any Fraudulent Conduct By Defendants</u>**

Separate and apart from Plaintiff's failure to plead his fraud claims with the requisite particularity, Plaintiff's fraud claims also fail because he has not, and cannot, allege any fraudulent conduct by Defendants.

Plaintiff's allegations that Countrywide Bank misrepresented that "Defendants would be giving Plaintiff a 'loan' of cash money" and failed to disclose "the material facts that the funding of

the Promissory Note was being created by and through Plaintiff's signature on the Note" fail to allege any fraudulent conduct. *Id.* at ¶¶ 16, 20. These allegations stem from the frivolous theory that Plaintiff's loan was unlawful because Defendants "did not loan actual 'cash' to Plaintiff" but rather "created" the money through their bookkeeping procedures. *See id.* at ¶ 19. As discussed in Section IV.A., *supra*, such theories of liability are incomprehensible and have been consistently rejected by courts.

**4. <u>Plaintiff Fails To Allege Any Duty To Disclose</u>**

Plaintiff's fraudulent concealment claim fails for an additional reason – Plaintiff fails to allege any duty to disclose. To establish fraud through nondisclosure or concealment of facts, Plaintiff must show Defendants were "under a legal duty to disclose them." *Lingsch v. Savage*, 213 Cal. App. 2d 729, 735 (1963); *People v. Highland Fed. Sav. & Loan*, 14 Cal. App. 4th 1692, 1718-1719 (1993) (concealment of fact is not actionable unless defendant is under a duty to disclose); Civ. Code §§ 1709, 1710. But, as a general rule, a lender "owes no duty of care to a borrower when the financial institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted). Moreover, no fiduciary duty exists between a debtor and a creditor, including in the context of residential mortgage loans. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such."); *Bastajian v. Brown*, 57 Cal. App. 2d 910, 915 (1943) (noting that "as mortgagor and mortgagee the parties were not in a fiduciary relationship but were dealing at arm's length").

Here, Plaintiff alleges nothing more than a routine mortagor/mortgagee relationship. Nor has Plaintiff alleged any fiduciary relationship between the parties giving rise to a legal duty to disclose. For this reason alone, Plaintiff's fraudulent concealment claim must fail.

In short, Plaintiff's fraud claims are time-barred and fail to allege a single act of wrongdoing by Defendants against the heightened pleading standard. Accordingly, Plaintiff's fraud claims should be dismissed without leave to amend.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**D. Plaintiff's Claim For Fraudulent Conversion Fails As A Matter Of Law[4]**

Much like the rest of the Complaint, Plaintiff's second claim for fraudulent conversion is entirely incomprehensible. He alleges: "Plaintiff received into possession the property of the Defendant in the form of the alleged agreement-become-promissory note, and fraudulently withheld same for it's [*sic.*] own benefit. The pregnant question is: does the bank keep the asset raised, or do they return it to the borrower?" Compl.,¶ 33. To the extent Defendants can even discern what that allegation means, Plaintiff's purported fraudulent conversion claim fails.

**1. Plaintiff's Conversion Claim Is Time-Barred**

Claims based on misappropriation or conversion of funds are subject to a three-year statute of limitations. Code Civ. Proc. § 338(c). Plaintiff's claims against Defendants relate to the execution of his promissory note. *See* Compl., ¶ 33. Plaintiff concedes that he executed the promissory note on or about December 7, 2006, almost four years before he initiated this action in November 2010. *Id.* at ¶ 15. Accordingly, Plaintiff's conversion claim is now time-barred.

**2. Plaintiff Fails To Plead The Elements Of Conversion**

Plaintiff's claim for fraudulent conversion also fails because he does not plead the elements of conversion. To plead a claim for conversion, a plaintiff must allege "plaintiff's ownership or right to possession of property; the defendant's wrongful act toward or disposition of the property, interfering with the plaintiff's possession, and damage to plaintiff." *Natomas Gardens Investment Group, LLC v. Sinadinoa*, 710 F. Supp. 2d 1008, 1019 (E.D. Cal. 2010) (quoting *PCO, Inc. v.*

[4] The caption page of Plaintiff's Complaint includes a claim for fraudulent conveyance. But Plaintiff fails to allege any facts in support of this claim or its elements. In any event, a claim for fraudulent conveyance fails as a matter of law because the law of fraudulent transfers is designed primarily for the protection of *creditors* against debtors who make such transfers. *See* Civ. Code §3439 *et seq.* Specifically, California Uniform Fraudulent Transfers Act provides that a transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transaction or incurred the obligation with intent to hinder, delay or defraud the creditor or without receiving a reasonably equivalent value where the transaction would impact negatively on his ability to pay the creditor. Here, Plaintiff is the debtor and Defendants are the creditors. Civ. Code §3439.04. The law of fraudulent transfers therefore applies, if at all, only to transactions undertaken by *Plaintiff* involving his assets if such transactions might impair his ability to repay his mortgage loan obligations to Defendants. One such transaction is Plaintiff's admittedly fraudulent execution and recordation of an Assignment of Deed of Trust and Substitution of Trustee by misrepresenting himself as an "Authorized Representative" of MERS. *See* Compl., ¶ 22, Ex. G. At no time was Plaintiff an "Authorized Representative" of MERS.

*Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007)). Further, "money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *Id.*

Here, Plaintiff fails to identify the property allegedly converted – an essential element to a conversion claim. Nor has Plaintiff alleged a right to possession of that unidentified property or how Defendants allegedly interfered with Plaintiff's possession thereof. To the extent Plaintiff's claim is for conversion of money, it nevertheless fails because the Complaint does not specify a specific sum of money that Defendants allegedly converted. At the motion to dismiss stage, a plaintiff must allege an amount of money that is "capable of identification." *Natomas*, 710 F. Supp. 2d at 1019. Plaintiff fails to do so here. Accordingly, Plaintiff's fraudulent conversion claim should be dismissed without leave to amend.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**E. Plaintiff's FDCPA And RFDCPA Claims Fail As A Matter Of Law Because Defendants Are Not "Debt Collectors" Under Those Statutes, Nor Has Plaintiff Alleged Any "Debt Collection Activity"**

Plaintiff's third claim appears to assert violations of both the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Compl., ¶¶ 34-39. This claim, however, fails as a matter of law because Defendants are not "debt collectors" within the meaning of either statute.

To state a claim under the FDCPA and the RFDCPA, a plaintiff must allege that defendant is a debt collector as expressly defined by the Acts. *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875, *2 (S.D. Cal. 2008) ("The FDCPA and RFDCPA prohibit *debt collectors* from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.") (emphasis added); *see also Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Like the FDCPA, the RFDCPA applies only to debt collectors"). The FDCPA defines a "debt collector" as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*." *See* 15 U.S.C. § 1692a(6) (emphasis added). Similarly, the RFDCPA defines a "debt collector" as "any person who, *in the ordinary course of business, regularly*, on

behalf of himself or herself or others, engages in debt collection." Civ. Code § 1788.2. Where a plaintiff has failed to specifically allege that a defendant is a "debt collector" as defined by these statutes, the claim must fail as a matter of law. *See Ines*, 2008 WL 2795875, at *2.

Courts have expressly held that mortgage lenders are not debt collectors subject to the FDCPA and the RFDCPA. *See, e.g., Ines*, 2008 WL 2795875, at *3. Likewise, mortgage servicing companies are not debt collectors liable under the FDCPA or RFDCPA. *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at 1 (N.D. Cal. 2009) ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FCDPA]"); *Glover v. Fremont Inv. and Loan*, 2009 WL 6114001, at *8 (N.D. Cal. 2009) (claims under the FDCPA and the RFDCPA were dismissed without leave to amend against loan servicer on the ground that mortgage servicing companies are not debt collectors under either statute).

Here, Plaintiff admits that he entered into a loan agreement with Defendants (Compl., ¶ 15), and that Defendants are mortgage lenders and mortgage companies (*id.* at ¶¶ 4-8). Defendants, therefore, are not subject to the FDCPA or RFDCPA. While Plaintiff conclusorily alleges that all Defendants are "debt collectors," (Compl., ¶ 35), this Court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *see also Rosal v. First Fed. Bank of Cal.*, 2009 U.S. Dist. LEXIS 60400, at *52 (N.D. Cal. 2009) (dismissing plaintiff's RFDCPA claim because "plaintiff did not allege *facts* suggesting that any defendant is a 'debt collector' under the RFDCPA") (emphasis added). Because Plaintiff alleges that Defendants are mortgage lenders and mortgage companies, those facts do not, and cannot, support his conclusion that Defendants are "debt collectors," and any such allegations must be disregarded. *See Clegg*, 18 F.3d at 754-55.

Plaintiff also fails to allege any "debt collection activity" which could support his claims under the FDCPA and RFDCPA. Instead, Plaintiff simply references the various sections of the statutes without providing any factual support of the claim. For example, Plaintiff alleges that Defendants violated the FDCPA and the RFDCPA "[b]y making false, deceptive, or misleading representations in connection with the collection of any debt, 15 U.S.C. § 1692(e)." Compl., ¶ 37(a).

Plaintiff does not differentiate between Defendants, does not identify the debt Defendants were allegedly collecting, or how Defendants allegedly violated the FDCPA and the RFDCPA in collecting those debts. *See Swanson v. EMC Mortgage Corp.*, 2009 WL 3627925, at *10 (E.D. Cal. 2009) (dismissing RFDCPA claim for failing to allege facts to support conclusory allegations). Accordingly, Plaintiff's claims under the FDCPA and RFDCPA fail as a matter of law and should be dismissed without leave to amend.

**F. Plaintiff's TILA And RESPA Claims Fail As A Matter Of Law**

Plaintiff's fourth claim for violations of TILA and RESPA is premised upon the allegation that Defendants failed to respond to Plaintiff's Qualified Written Request. *See* Compl., ¶ 41 ("Defendants' conduct in failing to respond to all qualified written request proves on the record of violations of [RESPA] and [TILA]."). However, Plaintiff's TILA claim fails as a matter of law because it is time-barred and insufficiently pled. Plaintiff's RESPA claim similarly fails because RESPA does not provide a private right of action and Plaintiff fails to allege any actual damages.

**1. Plaintiff's TILA Claim Is Time-Barred**

To maintain an action for damages under TILA, a plaintiff must bring the action "within one year from the date of the occurrence of the violation." See 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence of the violation***.") (emphasis added). The statute of limitations for a TILA claim runs from the date of loan consummation, *i.e.*, the date the loan is signed. *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (dismissing plaintiffs' TILA claim for damages, without leave to amend, because it was brought more than one year after "consummation" of the transaction, which was when plaintiffs obtained the loan from defendants to refinance their home).

Similarly, to maintain an action for TILA rescission, a plaintiff has three business days following receipt of all material disclosures to rescind the transaction. *See* 15 U.S.C. § 1635(a) (providing, in pertinent part, that "obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the material disclosures required under this title [15 U.S.C. §§ 1601, *et seq.*], whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so."). A plaintiff's right to rescind is extended to three years only if he has not received TILA's required disclosures. 15 U.S.C. § 1635(f).

Here, Plaintiff admits that he executed his loan on December 7, 2006. Compl., ¶ 4. However, he did not file this action until November 18, 2010, nearly ***four years*** later. Accordingly, Plaintiff's TILA damages claim is barred by the one-year statute of limitations. And even if Plaintiff were given the benefit of the three-year statute of limitations for TILA rescission claims, his rescission claim would also be time-barred. Therefore, Plaintiff's TILA claims should be dismissed without leave to amend.

**2. <u>Plaintiff Does Not Allege Tender Of The Borrowed Funds, A Necessary Element Of Any Rescission Claim</u>**

Plaintiff's claim for rescission under TILA also fails because he has failed to allege that he has tendered or has the ability to tender the borrowed funds back to Defendants. A "claim for rescission requires plaintiffs to allege they can or will tender the borrowed funds back to the lender." *Kamp v. Aurora Loan Servs.*, 2009 WL 3177636, *2 (C.D. Cal. 2009) (citing *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("[R]escission should be conditioned on repayment of the amounts advanced by the lender."); *see Edelman v. Bank of America Corp.*, 2009 WL 1285858, *2 (C.D. Cal. 2009) ; *Sitanggang v. IndyMac Bank, FSB*, 2009 WL 1286484, *5 (E.D. Cal. 2009) (citation omitted) ("[W]ithout plaintiff's tender, TILA rescission is an empty, inappropriate remedy. The absence of a sufficiently alleged . . . tender of loan proceeds dooms plaintiff's TILA rescission claim to warrant its dismissal"). Plaintiff's failure to allege that he can, or will, tender the amount owed to Defendants is fatal to his TILA claim for rescission.

**3. <u>Notwithstanding These Threshold Issues, Plaintiff Fails To Allege A Breach Of TILA By Defendants</u>**

Plaintiff's vague and conclusory allegations that Defendants violated TILA because they failed to respond to "all qualified written request" is insufficient as a matter of law to state a violation under TILA. Compl., ¶ 41.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TILA and Regulation Z, the regulation that defines credit disclosure requirements under TILA, contain specific disclosure requirements that will give rise to a TILA violation if not followed by the creditor. *See* 15 U.S.C. § 1638(a), (b), (c). Plaintiff's TILA claim, however, does not contain *any* allegations about the loan, much less any allegations describing the specific disclosures . Defendants failed to make, or how Defendants violated TILA. Indeed, even general allegations have been held to be insufficient to state a TILA claim as a matter of law. *See Toscano v. Ameriquest Mortgage Co.*, 2007 U.S. Dist. Lexis 81844, at *13-15 (E.D. Cal. 2007) (granting defendant's motion to dismiss because "TILA is a complex law with different kinds of disclosure requirements" and plaintiff's allegations were "very general and include[d] little detail" such that "it is not clear exactly what sorts of disclosure Defendants alleged failed to make").

Plaintiff's TILA claim is also impermissibly vague because Plaintiff fails to distinguish the various Defendants in his TILA allegations when TILA by its terms applies to the originating creditor.

In short, Plaintiff's TILA claim is time-barred and fails to allege tender of the borrowed funds or any violation of TILA by Defendants. Accordingly, Plaintiff's TILA claim should be dismissed without leave to amend.

**4. <u>Plaintiff's RESPA Claim Fails Because There Is No Private Right Of Action And Plaintiff Alleges No Actual Damages</u>**

RESPA does not provide a private right of action related to loan disclosures. *See Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994) ("[t]he structure of RESPA's statutory provisions indicates that Congress did not intent to create a private right of action for disclosure violations under 12 U.S.C. § 2603); *Swanson v. EMC Mortgage Corp.*, 2009 WL 3627925, *6 (E.D. Cal. 2009). Here, Plaintiff attempts to bring his claim based on the nondisclosure of information requested under RESPA. *See* Compl., ¶¶ 22, 41. Thus, Plaintiff's RESPA claim fails for this reason alone.

Plaintiff's RESPA claim also fails because he has not alleged any damages. To state a claim under RESPA for the failure to respond to a qualified written request, a plaintiff must not only allege a breach of RESPA duties, but he must also allege that the breach resulted in actual damages.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Swanson*, 2009 WL 3627925, at *7 ("alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages."). Courts routinely dismiss claims for alleged violations of RESPA at the pleading stage where the plaintiff fails to allege facts sufficient to demonstrate actual damages. *See Benham v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 91287, *11 (N.D. Cal. 2009) (dismissing claim for alleged violation of RESPA where plaintiff failed to plead facts to show, among other things, that he suffered harm); *Sing v. Washington Mutual Bank*, 2009 U.S. Dist. LEXIS 73315, *16 (N.D. Cal. 2009) (same).

Nowhere in Plaintiff's Complaint does he allege that he suffered damages as a result of Defendants' alleged failure to respond to his purported qualified written request. Accordingly, Plaintiff's RESPA claim should be dismissed in its entirety.

**5. <u>Plaintiff's RESPA Claim Also Fails Because Plaintiff Has Not Alleged Any Violation Of RESPA In Connection With His Purported Qualified Written Request</u>**

Plaintiff alleges he sent "Qualified Written Requests" to all Defendants. Compl., ¶¶ 22, 41. But his conclusory allegation that Defendants did not respond and therefore violated RESPA fails because his letter was not a proper qualified written request.

As a preliminary matter, Plaintiff has not alleged he sent specific written correspondence to any particular Defendant that meets the definition of a qualified written request. *See Jones v. ABN Amro Mortgage Group, Inc.*, 551 F. Supp. 2d 400, 411 (E.D. Penn. 2008). Indeed, his allegation that he sent "Qualified Written Requests" to Defendants fails for at least two reasons.

First, this section of RESPA specifically applies to requests for information relating to loan servicing, not loan origination. *See* 12 U.S.C. § 2605(e)(1)(A) ("If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response . . . .") (emphasis added). RESPA defines "servicing" as:

> Receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10, and making

> the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3). Moreover, to constitute a qualified written request, correspondence must include "a statement of the reasons for the belief . . . that the account is in error." 12 U.S.C. § 2605(e)(1)(B)(ii).

Here, Plaintiff does not identify which Defendants he supposedly sent the purported QWR, and does not even allege which Defendant he believed to be the servicer of his mortgage loans. *See* Compl., ¶¶ 22, 41, Ex. A. Nor did Plaintiff identify any errors in his account. *Id.* Rather, Plaintiff's purported QWR sought evidence of the "original blue ink signature of the note." *Id.*, Ex. A. Because the request did not relate to the servicing of Plaintiff's loan, Defendants' obligations, if any under Section 2605 were not triggered. *See MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (granting motion to dismiss where letter "sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the . . . account balance").

Second, RESPA provides that, in response to a qualified written request, the loan servicer shall make appropriate corrections to the borrower's account, provide an explanation as to why the account is correct, or provide the information requested by the borrower. *See* 12 U.S.C. § 2605(e)(2). Here, because Plaintiff does not identify any claimed error with the servicing of his loan, Defendants were not obligated to take any action. *See MorEquity*, 118 F. Supp. 2d at 901. Accordingly, Plaintiff's RESPA claim fails for this additional reason as well.

## V. CONCLUSION

Plaintiff failed to properly serve Defendants because the Summons and Complaint were not timely delivered or mailed. In any event, the Complaint has not stated a single cognizable claim for which relief can be granted. Rather, the Complaint is filled with vague and conclusory allegations that are without legal or factual support. Accordingly, Defendants respectfully request that that the

////

////

////

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Court quash service of process and grant this Motion to Dismiss in its entirety, and that this action be dismissed with prejudice.

DATED: December 27, 2010

REED SMITH LLP

By /s/ Christopher Rivas
Pavel Ekmekchyan
Christopher Rivas
Monica J. Zi
Attorneys for Defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans, (aka) Countrywide Bank"); Bank of America, N.A. (erroneously sued as "Countrywide Bank, N.A."); BAC Home Loans Servicing, L.P. (erroneously sued as "Bank of America Home Loans"); Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A. (erroneously sued as "Recon Trust Company"); and LandSafe Title of California, Inc. (erroneously sued as "Landsafe Title & Ticor Title Company of California")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Reed Smith LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

A true and correct copy of the foregoing document described as Notice of Motion; Motion to Dismiss Plaintiff's Complaint in Adversary Proceeding; Declaration of Pavel Ekmekchyan and Proof of Service will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December ___, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 27, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DAN SHABTAI, PRO SE
108 Coral Rose
Irvine, CA 92604

Office of The United States Trustee
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701
Phone: (714) 338-3400
Facsimile: (714) 338-3421

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 27, 2010 | Erin K. Gallagher | /s/ Erin K. Gallagher |
|---|---|---|
| *Date* | *Type Name* | *Signature* |