1

**GLOBAL CAPITAL LAW**

2

GARY HARRE, ESQ. (BAR NO. 86938)
DIANE BEALL, ATTY. (BAR NO. 86877)

3

8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708

4

Telephone: (714) 907-4182
Facsimile:  (714) 907-4175

5

Email: ghcmecf@gmail.com

6

**Attorneys for Debtor and Plaintiff, Dan Shabtai**

7

8

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

**SANTA ANA**

10

In re                                                    )

11

          DAN SHABTAI,                        )

12

                 Debtor,         )

13

                             )

14

                             )

15

          DAN SHABTAI, an Individual.         )

16

                 Plaintiff,         )

17

-vs.-                                                    )

18

                             )

19

BAC HOME LOANS SERVICING, L.P.;         )
RECONTRUST COMPANY N.A.; all         )

20

persons claiming by, through, or under such         )
person, all persons unknown, claiming any         )

21

legal or equitable right, title, estate, lien, or         )
interest in the property described in the         )

22

complaint adverse to Plaintiff's title thereto;         )
and DOES 1-100, Inclusive;         )

23

                             )

24

             Defendants.         )

25

**Chapter 13**

**Case No.  8:10-bk-19720-ES**

**ADV. NO.: 8:10-ap-01567**

**FIRST AMENDED**

**ADVERSARY COMPLAINT**

**COMPLAINT TO DETERMINE THE
NATURE, EXTENT AND VALIDITY
OF LIEN AND TO DISALLOW
SECURED CLAIM, TILA VIOLATION,
FRAUD, LIBEL, QUIET TILE, AND
UNFAIR BUSINESS PREACTICES FOR
FAILURE TO DISCLOSE AND COMPLY
WITH STIPATED JUDGMENT AND
INJUNCTION
[Filed concurrently with Request for Judicial
Notice, Stipulated Judgment and Injunction
Superior Court State of California for the
County of Los Angeles Northwest District
Case No. LC088076]**

26

///

27

///

28

///

COMES NOW debtor and plaintiff, DAN SHABTAI herein ("Plaintiff or SHABTAI,") who files this complaint to address the deception and fraudulent conveyance of the beneficial interest, in his "Personal Residence."  Defendants and their Attorneys of record have committed fraud upon the Court and Plaintiff.   Therefore the Plaintiff by and through his counsel of record alleges the following:

1.      This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3.      This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

## PARTIES

4.      Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief on July 15, 2010 under Chapter 13 of the Bankruptcy Code.

5.      Plaintiff is and at all times mentioned herein was the owner and purchaser of real property located at 108 Coral Rose Irvine, California 92603 ("SUBJECT PROPERTY") and more particularly described as follows:

**PARCEL 1: UNIT 105 (THE "UNIT") AS SHOWN AND DESCRIBED IN THE PHASE 16 CONDOMINIUM PLAN (THE "FLAW) FOR LOTS 17 AND 18 OF TRACT NO. 16324, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED *IN* BOOK 838, PAGES 11 TO 20 INCLUSIVE, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CAUFOR WHICH PLAN WAS RECORDED AUGUST 11, 2004 AS INSTRUMENT NO. 2004000728053 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.**

**PARCEL 2: A COMMON AREA UNDIVIDED ONE/SDREENTHS (1/16) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN *AND* TO THE COMMON AREA DESCRIBED IN THE PLAN.**

***PARCEL 3*: EXCLUSIVE USE EASEMENTS FOR THE BENEFIT OF THE *UNIT* APPURTENANT TO PARCELS 1 AND 2 ABOVE, FOR PATIO, DECK *AND* AIR CONDITIONING COMPRESSOR PAD PURPOSES, AS APPUCABLE, OVER THOSE PORTIONS OF THE ASSOCIATION PROPERTY SHOWN ON THE PLAN OR AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR GREEN GLEN"(THE "DECLARATION") RECORDED FEBRUARY 10, 2003 AS INSTRUMENT NO, 200300150448 AND THE**

1  **NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL DECLARATION OF COVENANTS,**
**CONDITIONS AND RESTRICTIONS FOR GREEN GLEN PIASE 16) ("NOTICE") RECORDED**
2  **AUGUST 12, 2004 AS INSTRUMENT NO. 2004000730003,  BOTH OF RECORDS OF ORANGE -**
**COUNTY, CALIFORNIA.**

3  <u>**PARCEL 4:**</u> **NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, MAINTENANCE,**
**REPAIR, DRAINGAGE, ENCROAUCHMENT, AND SUPPORT AND FOR OTHER PURPOSES, ALL AS**
4  **DESCRIBED IN THE DECLARATION AND THE NOTICE**

5  6.    Bank of America N. A. f/k/a Country Wide Bank FSB f/k/a Countrywide Bank N. A.

6  is the alleged lender of a purported "Promissory Note" (hereinafter "Note") and alleged

7  beneficiary under the "Deed of Trust" (hereinafter "DOT") dated December 7, 2006.  Bank

8  of America N.A. is a National Bank with its principle place of business is 100 North Tryon

9  Street Charlotte, North Carolina.

10  7.    Defendant BAC Home Loans Servicing, L.P. (hereinafter "BAC Servicing") is the

11  servicing subsidiary of Bank of American N. A. with its principle place of business at  4500

12  Park Granada Calabasas, California.

13  8.    Defendant ReconTrust Company N.A. (hereinafter "ReconTrust,") a wholly owned

14  subsidiary of Bank of America N.A., is the Trustee on the "DOT" allegedly holds the power of

15  sale for the Subject Property.

16  9.    Mortgage Electronic Registration Systems Inc. (hereinafter "MERS") is a Delaware

17  Corporation with its Corporate Headquarters at 1818 Library Street, Suite 300 Reston,

18  Virginia  and is listed solely as  Nominee of Countrywide Bank N.A. and its successors and

19  assigns in the "DOT" dated December 7, 2006.

20  10.    The Defendants herein named as "all persons claiming by, through, or under such

21  person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest

22  in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter

23  referred to as "the unknown defendants") are unknown to Plaintiff.  These unknown

24  Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-

25  described property adverse to Plaintiff's title; and their claims, and each of them, constitute a

26  cloud on Plaintiff's title to that property.

27  ///

28  ///

11.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, and therefore sue these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff's title and their claims, and each of them, constitute a cloud on Plaintiffs' title to that property.

12.     On or about December 7, 2006, Plaintiff signed a document styled as an Interest Adjustable Rate Note on the subject property in the amount of $400,000 ("Note,") and the "DOT" purportedly secured the note.  The DOT was recorded with the Orange County Recorder as Instrument No. 2006000832375.

13.     On or about July 7, 2009, a Notice of Default and Election to Sell Under Deed of Trust (hereinafter "NOD") was filed by ReconTrust Company N.A., as Orange County Instrument No. 2009000358016.

14.     On or about July 27, 2010 an Assignment of Deed of Trust (hereinafter "Assignment DOT") executed by Nichole Clavadetscher as Certifying Officer (which did not include her last name on the signature line) was proffered by "MERS", nominee for Countrywide Bank N.A., and recorded as Orange County Instrument No. 2010000373628.

15.     The "Assignment DOT" states "FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to **BAC HOME LOANS SERVICING, LP** FKA COUNTRY WIDE HOME LOANS SERVICING LP all beneficial interest under the "DOT" together with the "Note".

16.     The "Assignment of DOT" indicates that on July 27, 2010 "MERS" as nominee of Countrywide Bank N.A., an entity that did not exist after 2007, transferred the Beneficial Interest in the "DOT" to "BAC Servicing" together with the "Note.

17.     Plaintiff alleges upon information and belief that "BAC Servicing" was not and is not the beneficiary as proffered.

- - 4 - -

DAN SHABTI FIRST AMENDED COMPLAINT

18.     Plaintiff alleges upon information and belief that the "Assignment of DOT" is void because "BAC Services" the purported servicer, cannot legally assign itself the beneficial interest under a DOT by its own employee Nicholle_____ (last name omitted).

19.      "Defendants" knew or should have known the beneficial owner was not BAC Servicing.

20.     "BAC Servicing had no authority "to direct Trustee "ReconTrust" or anyone else to initiate foreclosure under a power of sale.

21.     The Orange County Land Records along with documents filed with this Court, evidence that "BAC Servicing" is the servicer and not the beneficial owner, and "BAC Servicing" representations that it is the beneficial owner are not true and constitutes an act of fraud upon Plaintiff and this Court.

22.     On or about March 30, 2010 ReconTrust Company N.A. filed a Notice of Trustee Sale (hereinafter "NOTS") recorded as Orange County Instrument No. 2010000146459 as agent for the beneficiary.

23.     Plaintiff is informed and believes and therefore alleges that "BAC Servicing" never received beneficial interest in the "Note" or the "DOT" and thus had no power of sale to direct Trustee ReconTrust to sell Plaintiff's property.

24.     Defendant "BAC Servicing" is not the "Real Party in Interest" and has no beneficial interest in the "Note" or "DOT" and has misrepresented its interest in Plaintiff's property to this Court.

25.     MERS is alleged and believed to be a computer tracking system lacking the capacity to transfer beneficial ownership as the Nominee for Countrywide Bank NA.

26.     Plaintiff alleges that Countrywide Bank N.A., the alleged "Lender" on the note sold the loan immediately and securitized the note in a Mortgage Backed Security (hereinafter "MBS.")

27.     Upon information and belief the beneficial interest in the Subject Property was immediately sold to a chain of undisclosed entities.

///

28.     Defendants knew, should have known or know now, that another entity holds the beneficial ownership.

29.      It is further alleged that "BAC Servicing" is not the beneficiary, and that this purposeful misrepresentation in the records are a fraud upon this Court and Plaintiff.

30.     Upon information and belief Counsel Christopher Rivas, an agent of this Court, knew or should know now that the representation of "BAC Servicing" as the beneficial owner of the Subject Property is a misrepresentation and fraud upon this Court.

31.     Upon information and belief the "Mortgage Loan" assigned to MERS as nominee is at most an unsecured debt and the only parties entitled to collect on the unsecured debt would be the holders in due course and beneficial owners of the original Promissory Note, which defendants are not.

32.     Upon information and belief the "Assignment DOT," dated July 27, 2009, is void on its face, and even if Defendants produced a copy of a note, or even an alleged original with fabricated endorsement to show a complete chain of title, the loan cannot be conveyed to anyone as secured.

33.     Upon information and belief the failure to disclose or misrepresent the identity of the beneficiary when foreclosing and posting a sale of the Subject Property is a "material disclosure" or fraudulent misrepresentation, the nature of which would make the security contract voidable under California contract law.

34.     Upon information and belief the Note and Mortgage were bifurcated when the Deed of Trust was assigned to MERS as nominee for Countrywide Bank N.A.

35.     Upon information and belief the bifurcation occurred again when it was purposely assigned to "BAC Servicing", and an assignment of the Deed of Trust without is a nullity.

36.     Upon information and belief the Defendants facilitated this fraud using MERS as a cover, instructing low level employees to sign and attest to documents they did not understand, while holding such individuals out to be officers of MERS, and having the legal authority to assign beneficial interest, when these Defendants knew, know, or should have known they did

not have the authority and the ability to transfer the beneficial interest of the Subject Property.

37.    Upon information and belief the Defendants knew, know now, or should have known that the Plaintiff is now and was unaware of, and could not reasonably discover material information about the loan transaction including assignments.

38.    Upon information and belief Defendants along with their Attorneys of Record continue to propagate a misleading scenario to this Plaintiff and Court as to the true beneficial owner on the date of this writing.

39.    BAC Servicing entered a Stipulated Judgment and Injunction on September 20, 2008 in The Superior Court of California for the County of Los Angeles Northwest District Case No. LC 088076, "THE PEOPLE OF THE STATE OF CALIFORNIA V. COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC., A New York corporation; and FULL SPECTRUM LENDING, INC., a California corporation.

40.    Plaintiff is an eligible borrow, as defined in the Stipulated Agreement.

41.    BAC Servicing failed to follow the foreclosure relief in requirements associated with enhance home retention practiced as outlined in the agreement.

## FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

42.    Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

43.    Plaintiff alleges that he holds an interest in the Property free and clear of any interest of Defendants, in that the lien as evidenced by the Deed of Trust and its subsequent assignments has no value since it is wholly unsecured, and that accordingly, the Deed of Trust is null and void.

44.    Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

45.    Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleges herein.

46.    An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

47.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

**SECOND CLAIM FOR RELIEF**
**[Declaratory Relief to Determine Status of Disputed Claim]**
**[11 U.S.C. § 506 and F.R.B.P 7001]**

48.    Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

49.    Plaintiff alleges that the lien as evidenced by the "BAC Servicing" Assigned Deed of Trust has no value since it is wholly unsecured; that the Disputed Subject Property claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments is null and void.

50.    Plaintiff is informed and believes that Defendant "BAC Servicing" alleges the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

51.    Plaintiff is informed and believes and thereon alleges that Defendants disputes the contention alleges herein.

52.    An actual controversy exists between Plaintiff and Defendant "BAC Servicing" with regard to the status of its claim as secured or unsecured.

53.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether Defendants claim against Plaintiff shall be allowable as secured or unsecured.

///

///

**THIRD CLAIM FOR RELIEF**
**[As to Defendant BAC Home Loans Servicing LP]**
**[15 U.S.C. § 1641(g)]**

54.     Plaintiff re-alleges and incorporates the allegations contained in preceding   paragraphs, inclusive, as though set forth at length herein.

55.     On or about July 27, 2009, MERS purportedly assigned the Deed of Trust to Defendant "BAC Servicing" and recorded such assignment in the Orange County Recorder's Office as <u>Document # 2010000373628</u>.

56.     In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to TILA liability.  "BAC Servicing" as the purported new loan owner never contacted or sent Plaintiff such notice when the assignment was executed on or about July 27, 2009.

57.     15 U.S.C. § 1641 was amended by adding at the end the following:

"(g)  <u>NOTICE OF NEW CREDITOR</u>.- (1)  IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*(A)  the identity, address, telephone number of the new creditor;(B)  the date of transfer;(C)  how to reach an agent or party having authority to act on behalf of the new creditor;(D)  the location of the place where transfer of ownership of the debt is recorded; and (E)  any other relevant information regarding the new creditor.*

54.     From the record, it appears that BAC Home Loans Servicing LP became the new owner or assignee on July 27, 2010.

55.     To date, Plaintiff has not received any notice as required by 15 U.S.C. § 1641(g).

///

///

DAN SHABTI FIRST AMENDED COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**[As to Defendant BAC Home Loans Servicing LP]**
**[Fraud in Conveyance]**

56.    Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

57.    MERS, a Nominee for Countrywide Bank N.A., purportedly assigned the Deed of Trust, together with note to "BAC Servicing" as evidenced by the Assignment of the "DOT" filed on July 27, 2009 as Orange Co. Recorder <u>Document No.2010000373628.</u>

58.    MERS [a foreign corporation, having no authority to conduct business in the State of California], fraudulently represented itself as the beneficiary under the "DOT", at a time  the principle Countrywide Bank N.A. held no interest, as it materially misrepresented, and subsequently  authorized by  NICHOLLE [omitting her last name], an employee of "BAC Servicing".

59.    The "Assignment of DOT" assigned ownership information was false, Nicholle worked for "BAC Servicing".  She does not get paid as an officer of MERS.

60.    The MERS assignment purports to assign the beneficial interest to "BAC Servicing" which was not the beneficial owner.  "Defendants" including "BAC Servicing knew then, should have known, and know now that this was not a valid assignment.

61.    "Defendants" through the misrepresented [falsified] land title records, created ["scienter"] a fabricated paper trail evidence of ownership, at a time when Defendant knew, should have known, and know such beneficial ownership is not held by BAC Servicing.

62.    Defendants conspired to make the ownership records appear to show and ownership interest in "BAC Servicing" when all participants knew, should have known, or know today was not true, and in fact misleading and fraudulent.

63.    Defendants  acted in these land title records to fraudulently deceive and conspire to cause Plaintiff to act upon such information with respect to his Subject Property, while knowing that they did not or could not act as represented [as they knew, should have know or know today] while continuing to misrepresent these facts to this Plaintiff and this Court.

///

64.     Defendants acted with the knowledge that such beneficial ownership was not properly represented to Plaintiff, and subsequently Plaintiff acted on such material misrepresentation to the detriment of this Plaintiff and to the anticipated benefit of Defendants while the Defendant knew the misrepresentations were untrue.

65.     Upon information and belief, Plaintiff therefore alleges that neither MERS, nor "BAC Servicing" paid any consideration for the promissory note.  Assuming *Arguendo* that if "BAC Servicing" purchased the promissory note and paid MERS, such assignment would constitute a fraudulent conveyance.

66.     Defendants participated in the fraud by processing a falsified assignment of Deed of Trust as the Beneficiary owning an interest in the "Note" at a time when they knew, should have known they did not or could not have owned such an interest.

67.     This misrepresentation was done with "scienter" as they knew that they did not or could not have owned the beneficial interest.  Such act was done with the intent to deceive this Court for the sole reason to enrich this Defendant to the detriment of the Plaintiff.

68.     BAC Home Loans Servicing LP falsely represented to Plaintiff that they received valid beneficial interest under the Deed of Trust.  The representations made by said Defendants were in fact false.

69.     The true facts were that MERS could not act as a nominee for Countrywide Bank N.A. in assigning the Deed of Trust to "BAC Servicing".  In fact, MERS had no interest in the promissory note and could not assign or enforce the promissory note.  MERS could not assign an interest as Countrywide Bank N.A. did not have an interest to assign, and that the beneficial interest vested in an undisclosed purported beneficiary.

70.     Plaintiff, at the time these representations were made by Defendants, and at the time Plaintiffs took the actions allege herein, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations Plaintiff has been damaged.

///

DAN SHABTI FIRST AMENDED COMPLAINT

71.     The aforementioned conducts of the Defendants were intentional misrepresentation, deceit, or concealment of material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

**FIFTH CLAIM FOR RELIEF**
**[As to All Defendants and All Persons Claiming by,
Through, or Under Such Person, All Persons Unknown, Claiming Any Legal Or
Equitable Right, Title, Estate, Lien, or Interest in the Property
Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]
[LIBEL]**

72.     Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

73.     The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in his business and reputation and has also caused pain and suffering.

74.     Such libel has occurred on a continuing basis from approximately 2009 through the present.

75.     As a result of Defendants' acts and omissions, Plaintiff has been injured in an amount yet to be ascertained.

76.     The conduct of these Defendants as alleges herein was willful, fraudulent, malicious, and oppressive.  As a result, Plaintiff requests an award of punitive damages.

**SIXTH CLAIM FOR RELIEF**

**[As to all Defendants and All Persons Claiming by, Through, or Under Such Person, All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]**

**[QUIET TITLE]**

77.     Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

///

///

78.     Plaintiff is the owner of the subject property now held by the Plaintiff's estate.  The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

79.     Plaintiff is informed and believes and on such information and belief alleges that Defendant BAC Servicing  and DOES 1-100  and all persons claiming, by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property.   Some of the Defendants and unknown defendants, specifically those additionally designated as DOES 1-100, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

### SEVENTH CLAIM FOR RELIEF

### UNFAIR BUSINESS PREACTICES FOR FAILURE TO DISCLOSE AND COMPLY WITH STIPATED JUDGMENT AND INJUNCTION

80.     Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

81.     BAC Servicing entered a Stipulated Judgment and Injunction on September 20, 2008 in The Superior Court of California for the County of Los Angeles Northwest District Case No. LC 088076, "THE PEOPLE OF THE STATE OF CALIFORNIA V. COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC., A New York corporation; and FULL SPECTRUM LENDING, INC., a California corporation.

82.     Plaintiff is an eligible borrow, as defined in the Stipulated Agreement.

83.     BAC Servicing failed to follow the foreclosure relief in requirements associated with enhance home retention practiced as outlined in the agreement.  A true and correct copy is hereby Judicially Noticed and Incorporated in this Cause of Action.

///

///

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the subject property;

2. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;

3. That the Court determine that the claim owed to as BAC Home Loans Servicing LLP by Plaintiff is wholly unsecured;

4. That the Court determine that the Deed of Trust is null and void;

   For attorney fees and costs of suit incurred herein;

5. Statutory damage in the amount of $4,000.00;

6. For attorney fee and costs of suit incurred herein; and

7. For such other and further relief as the court deems just and proper.

8. Quiet Title as of a date to be determined'

9. For an Order to enforce Defendant BAC Servicing to follow the requirements of the Stipulated Judgment and Injunction.


DATED: 02/28/2011                    Respectfully Submitted;


_____

GARY HARRE, ESQ. (BAR NO. 86398)
DIANE BEALL, ATTY. (BAR NO. 86877)
Attorneys for Plaintiff, DAN SHABTAI

DAN SHABTI FIRST AMENDED COMPLAINT